IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Alvan Motor Freight, Inc., | Case No. 4:05 CV 125 |
| Plaintiff, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| Trustees of the Central States,<br>Southeast and Southwest Areas<br>Pension Fund, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's appeal (Doc. No. 108) of the Magistrate Judge's Order granting the Motion to Intervene by TNFINC (Doc. No. 105). Other briefing regarding this "appeal" followed (Doc. Nos. 111-114).

Plaintiff objects to the Magistrate Judge's Order granting intervention because the Order "significantly exceeds the limited scope of the proposed Order that had been [previously] prepared and served" (Doc. No. 111 at p. 2). Specifically, Plaintiff contends that certain issues currently pending on cross Motions for Summary Judgment were decided in the Order without an opportunity for all parties to be heard.

The intervention by the Teamsters National Freight Industry Negotiating Committee (TNFINC) is unopposed so long as its intervention does not disrupt the currently pending summary judgment motions and the Scheduling Order in the case. There is further no dispute that the TNFINC

negotiated with Plaintiff a new collective bargaining agreement which is the subject of this lawsuit and that it would be helpful to have the TNFINC as a party.

The Court agrees that the Order granting the Motion to Intervene should not establish as the law of the case facts which **may** be central to the pending Motions for Summary Judgment, such as the specific role of TNFINC in negotiations, and whether all the defendants unilaterally share the same interests. Such fact finding is unnecessary to the limited issue of the Motion to Intervene.

Intervention is guided by Federal Civil Rule 24 which states in part:

> (a) **Intervention of Right**. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) **Permissive Intervention**. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . .
>
> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Order granting the Motion to Intervene does not indicate under which section (or both) intervention is appropriate. However, given some of the Court's findings, the Order suggests that intervention was granted under Civil Rule 24(b)(2) (permissive intervention), which requires the Court, in exercising its discretion, to consider any undue delay or prejudice in granting intervention. Pursuant to Civil Rule 24(b)(2), the Magistrate correctly determined that TNFINC's timely Motion to Intervene satisfied the required commonality of issues, and did not delay or prejudice the original parties. *See, e.g., U.S. ex rel. Fry v. Guidant Corp.*, 2006 WL 1102397, *5 (M.D.Tenn. 2006) (parties may intervene "if their interests are appropriately related").

2

The Court agrees that intervention would not prejudice any of the parties nor cause delay; that TNFINC was involved in the underlying proceedings which led to this lawsuit; and, that in the interest of judicial economy and to avoid piecemeal litigation, it makes sense to have TNFINC participate in this lawsuit. *See Tacori Enterprises v. Rego Mfg.*, 2006 WL 2583401, *1 (N.D.Ohio 2006) (Rule 24 should be construed to "promote judicial economy"). Indeed, none of the Defendants then, or now, oppose the intervention in principle.

Finally, the Court has broad discretion to grant permissive intervention. *Usery v. Brandel*, 87 F.R.D. 670, 677 (D.C.Mich. 1980), citing *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad*, 331 U.S. 519, 524 (1947).

Therefore, the Court confirms the decision of the Magistrate Judge to grant intervention but, because the Order (Doc. No. 105) went beyond what was necessary to make that decision, any findings other than those made in this Order are stricken and therefore do not bind any future decision on the pending Motions for Summary Judgment.

IT IS SO ORDERED.

 s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 6, 2007